Todd TASKER, a minor by Cindra R. Carson, G.A.L., and Carol Boote, Plaintiffs,

v.

Linda A. LARSON and General Casualty Company of Wisconsin, Defendants-Third-Party Plaintiffs-Appellants,

Thomas B. TASKER, Third-Party Defendant,

AMERICAN FAMILY INSURANCE COMPANY, Third-Party Defendant-Respondent.

Court of Appeals

No. 88–1756. Submitted on briefs February 1, 1989.—Decided March 28, 1989.

(Also reported in 439 N.W.2d 159.)

For third-party plaintiffs-appellants there were briefs by *Roy S. Wilcox* and *Wilcox & Wilcox,* of Eau Claire.

For third-party defendant-respondent there was a brief by *Michael L. Bertling* and *Carroll, Parroni, Postlewaite, Anderson & Graham, S.C.* Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.  Linda Larson and her insurer, General Casualty of Wisconsin, defendants in a personal injury action brought by two-year-old plaintiff, Todd Tasker, appeal a summary judgment dismissing their third-party contribution claim against American Family Insurance Company, which insured the pickup truck belonging to Todd's father. Mr. Tasker, after instructing his children to remain in the truck, walked forty-five to fifty feet away, briefly attending to a minnow trap in a nearby stream at the time of the mishap. Todd, left in the parked truck with his four-year-old brother, was injured after the youngster was either nudged or stepped out of the truck onto the highway where he was struck by the oncoming Larson vehicle. The circuit court held that Mr. Tasker's American Family auto liability coverage for injuries "due to the use of [an insured] car" was not applicable under the facts related. We conclude that coverage exists and reverse the summary judgment.

In response to Todd's lawsuit, Larson and General Casualty commenced a third-party action for contribution against Mr. Tasker and American Family. Following discovery, the circuit court granted American Family summary judgment as to its liability under both its homeowner and automobile liability policies. Larson and General Casualty appeal only that part of the summary judgment dismissing American Family under the auto policy.

When considering motions for summary judgment, we must first examine the pleadings and affidavits to determine whether any factual dispute exists or if conflicting inferences may be drawn from the undisputed facts. *Lawver v. Boling,* 71 Wis. 2d 408, 413, 238 N.W.2d 514, 517 (1976). Summary judgment is appro-

priate where there is no dispute of material fact and the law resolving the issues is clear. *Tomlin v. State Farm Mut. Auto. Liab. Ins. Co.,* 95 Wis. 2d 215, 218, 290 N.W.2d 285, 287 (1980). The facts, insofar as they affect the coverage issue, are not disputed.

American Family's policy provided that it would "pay damages an insured person is legally liable for because of bodily injury ... *due to* the use [maintenance or ownership] of [the insured vehicle]."[1] (Emphasis supplied.) We deem American Family's coverage to be no different from those policies that provide protection for accidents or injuries *arising out of* ownership, maintenance or use" of an insured vehicle. (Emphasis supplied.)[2]

*Lawver v. Boling,* 71 Wis. 2d 408, 238 N.W.2d 514 (1976), holds:

> The causal connection required to be established between the use of the automobile and the injuries is not of the type which would ordinarily be necessary to warrant a finding of "proximate cause" or "substantial factor" as those terms are used in imposing liability for negligent conduct.
>
> As it is used in the coverage clause of an automobile liability policy, the phrase "arising out of" is not so much concerned with causation as it is with defining the risk for which coverage will be afforded. The issue is whether the vehicle's connection with the activities which gave rise to the injuries is sufficient

---

[1]"Use" is defined in the policy as "ownership, maintenance or use."

[2]For an extensive compilation of state and federal decisions regarding this issue, *see* cases collected at Annotation, *Automobile liability insurance: what are accidents or injuries "arising out of ownership, maintenance, or use" of insured vehicle,* 15 A.L.R.4th 10 (1982).

to bring those general activities, and the negligence connected therewith, within the risk for which the parties to the contract reasonably contemplated there would be coverage. This question is usually resolved by determining whether the alleged "use" is one which is reasonably consistent with the inherent nature of the vehicle. That the activities could possibly have been carried on, and the accident taken place, without the use of the vehicle is irrelevant.

*Id.*, at 415–16, 238 N.W.2d at 518 (footnotes omitted).

*Lawver* also held that this "use" provision in auto liability policies is not ambiguous simply because it is difficult to apply to the facts of a particular case. *Id.* at 422, 238 N.W.2d at 521. Despite the absence of ambiguity, however, the coverage clause is still construed broadly so as to afford the greatest protection to the insured. *Id.* at 420–21, 238 N.W.2d at 521. Finally, once the general activities that involve the vehicle can be said to constitute a covered "use" of that vehicle, it makes no difference for coverage purposes whether the negligent act for which liability attaches occurs in the actual operation of the vehicle or in some other aspect of that "use." *Id.* at 416, 238 N.W.2d at 518.

The Michigan Court of Appeals in *Shinabarger v. Citizens Mut. Ins. Co.*, 282 N.W.2d 301 (Mich. Ct. App. 1979), described the problem in these terms:

The relationship between use of the vehicle and the injury need not approach proximate cause:

"[T]he term 'arising out of' does not mean proximate cause in the strict legal sense, nor require a finding that the injury was directly

and proximately caused by the use of the vehicle, nor that the insured vehicle was exerting any physical force upon the instrumentality which was the immediate cause of the injury. That almost any causal connection or relationship will do, *see Travelers Ins. Co. v. Aetna Cas. & Sur. Co.*, 491 S.W.2d 363 [Tenn., 1973]: 'Case law indicates that the injury need not be the proximate result of "use" in the strict sense, but it cannot be extended to something distinctly remote. Each case turns on its precise individual facts. The question to be answered is whether the injury "originated from", "had its origin in", "grew out of", or "flowed from" the use of the vehicle.'"

*Id.* at 305 (quoting *Southeastern Fidel, Ins. Co. v. Stevens*, 236 S.E.2d 550, 551 (Ga. Ct. App. 1977) (citation omitted)). Leaving one's child in a motor vehicle during a brief errand, ostensibly for safety as well as convenience, is reasonably consistent with the inherent nature of the vehicle. The fact that the activities that occurred here, i.e., the child's sudden exit onto the highway, could have occurred and the accident taken place without the use of the vehicle is irrelevant. We conclude that the activities giving rise to the injuries here were within the reasonable contemplation of the parties to the contract.

*By the Court.*—Judgment reversed and cause remanded for further proceedings.