CONSTITUTIONAL CASUALTY COMPANY, Plaintiff-Appellee, v. CLAUDE SODER *et al.*, Defendants-Appellants.

First District (3rd Division)   No. 1—93—1900

Opinion filed June 12, 1996.

George P. Lindner and Patrick D. White, both of Chicago, for appellants.

Bernard W. Moltz and John P. Nelson II, both of Chicago, for appellee.

PRESIDING JUSTICE TULLY delivered the opinion of the court:
Defendants, Claude Soder (hereinafter Claude), Joan Soder (hereinafter Joan), and Spicie Bocardo, individually and as mother and next friend of Veronica Barnes (hereinafter Veronica), a minor, appeal from an order of the circuit court of Cook County denying their motion for summary judgment under section 2—1005 of the Code of Civil Procedure (735 ILCS 5/2—1005 (West 1992)) against plaintiff, Constitutional Casualty Company, a corporation, and granting plaintiff's cross-motion for summary judgment against defendants. Jurisdiction is vested in this court pursuant to section 6 of article VI of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Supreme Court Rule 301 (155 Ill. 2d R. 301).

For the reasons that follow, we reverse and remand.

## FACTUAL BACKGROUND

On April 9, 1990, Joan was babysitting $3^{1}/_{2}$-year-old Veronica and a second child, named Anthony. On that date, Joan arranged to drop Anthony off at his home and then drive Veronica to the park. When Joan reached Anthony's home, she left Veronica in the car while she took Anthony into his house. Joan was in Anthony's home for about five minutes. During that time, the car caught fire and Veronica was burned. Joan does not know how the fire began. The automobile belonged to Claude, and Joan was a permissive user of it. At the time of this incident, the vehicle was insured under a policy of insurance, number PAO 0086378, underwritten by plaintiff.

On June 7, 1991, Bocardo, individually and as mother and next friend of Veronica, filed a two-count complaint against Joan. Count I alleged that Joan negligently committed one or more of the following acts or omissions:

> "a) left a cigarette lighter in the vehicle when she knew of the dangerous propensity of said lighter;
>
> b) left a cigarette lighter in the vehicle when she knew or should have known of the propensity of the minor plaintiff to play with the object;
>
> c) left the minor plaintiff in the vehicle by herself;
>
> d) left the minor plaintiff in the vehicle when she knew the minor plaintiff was entrusted to her care;
>
> e) failed to take the minor plaintiff with her into [Anthony's] residence ***; [and]
>
> f) was otherwise careless or negligent in her actions or inactions."

Count II stated a claim under section 15 of the Rights of Married Persons Act (Ill. Rev. Stat. 1989, ch. 40, par. 1015).

Thereafter, plaintiff filed the instant declaratory judgment action against defendants. The complaint alleged that the underlying occurrence did not arise out of the use and maintenance of the insured vehicle.

After some procedural jockeying, the trial court denied a summary judgment motion made on behalf of Veronica and instead granted a cross-motion for summary judgment filed by plaintiff. In so holding, the trial court accepted plaintiff's argument that the incident did not arise out of the ownership, maintenance or use of the insured automobile. A subsequent motion to reconsider its decision on the motions was filed by Veronica's attorneys and denied.

## ISSUE PRESENTED FOR REVIEW

Did the trial court err in granting plaintiff's cross-motion for

summary judgment and holding that plaintiff had no duty to defend the insured under the insurance policy?

## OPINION

Defendants argue that the circuit court erred in holding that plaintiff had no duty to defend the underlying cause of action. On *de novo* review of an order granting summary judgment, this court must ascertain whether the trial court properly concluded there were no genuine issues of material fact and if there were none, whether judgment for the movant was correct as a matter of law. *Federal Insurance Co. v. Economy Fire & Casualty Co.*, 189 Ill. App. 3d 732, 735 (1989). In construing an insurance policy, a court's primary function is to ascertain and enforce the intentions of the parties as expressed in the agreement. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90 (1992).

■ It is established law in Illinois that an insurer has a duty to defend its insured in an underlying action against the insured where the underlying complaint makes allegations that are potentially covered by the insured's insurance policy. The corollary of this rule is that an underwriter has no duty to defend if the alleged facts fail to bring the case within the policy coverage. *Dorre v. Country Mutual Insurance Co.*, 48 Ill. App. 3d 880, 883 (1977).

■ The duty to defend an insured arises from the undertaking as stated in the policy. *Conway v. Country Casualty Insurance Co.*, 92 Ill. 2d 388 (1982). In determining if there is a duty to defend a given lawsuit, the underlying complaint and the insurance policy will be liberally construed in favor of the insured, and all doubts and ambiguities will be resolved in favor of the insured. *United States Fidelity & Guaranty Co. v. Wilkin Insulation Co.*, 144 Ill. 2d 64 (1991). If the policy's words are plain and without ambiguity, a court will afford them their plain, ordinary meaning and will apply them as written. *United States Fire Insurance Co. v. Schnackenberg*, 88 Ill. 2d 1 (1981). However, a court will not look for ambiguity where there is none. *Crum & Forster Managers Corp. v. Resolution Trust Corp.*, 156 Ill. 2d 384 (1993).

It is with the foregoing principles in mind that we turn to the policy at issue, wherein plaintiff agreed:

"To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:
a) bodily injury ***; and
b) injury to or destruction of property ***;
Arising out of the *ownership, maintenance or use* of the owned automobile *** and [Constitutional Casualty] Company shall defend any suit alleging such bodily injury or property damage

\*\*\*, even if any of the allegations of the suit are groundless, false or fraudulent \*\*\*." (Emphasis added.)

■ In the case *sub judice*, there is no disputing that Claude owned the vehicle that caught fire and that Joan was an authorized user. We find the term "ownership" neither ambiguous nor difficult to construe and, accordingly, find the policy provision affording coverage "[a]rising out of the *ownership* \*\*\* of the owned automobile" obliges plaintiff to defend the underlying suit.

Alternatively, we find the policy provision affording coverage "[a]rising out of the \*\*\* *use* \*\*\* of the owned automobile" also obliges plaintiff to defend the underlying suit. Again the term "use" is neither elusive in its meaning nor subject to multiple constructions. The case of *Tasker v. Larson*, 149 Wis. 2d 756, 439 N.W.2d 159 (Wis. App. 1989), is instructive. In that case, Tasker instructed his two sons, ages two and four, to stay in his parked pickup truck while he walked 45 to 50 feet away from it to attend to a minnow trap. Somehow, the two-year-old was able to get out of the truck and was struck by an oncoming vehicle. Tasker's insurer sought to deny coverage. In finding that there was coverage under the policy's "use" provision, the Wisconsin Appellate Court held:

> "Leaving one's child in a motor vehicle during a brief errand, ostensibly for safety as well as convenience, is reasonably consistent with the inherent nature of the vehicle. The fact that the activities that occurred here, i.e., the child's sudden exit onto the highway, could have occurred and the accident taken place without the use of the vehicle is irrelevant. We conclude that the activities giving rise to the injuries here were within the reasonable contemplation of the parties to the [insurance policy]."
> *Tasker*, 149 Wis. 2d at 761, 439 N.W.2d at 161.

Similarly in the case *sub judice*, the underlying complaint states a cause of action based on the alleged negligence of Joan in using the car to run a brief errand, *viz.*, Joan's *use* of the automobile in transporting and/or dropping off the children and her leaving of Veronica in the car for a moment. We agree with the *Tasker* court's reasoning that "[l]eaving one's child in a motor vehicle during a brief errand, ostensibly for safety as well as convenience, is reasonably consistent with the inherent nature of the vehicle" (149 Wis. 2d at 761, 439 N.W.2d at 161) and, therefore, within the meaning of the term "use" in the policy. Accordingly, we find the trial court erred in granting summary judgment in favor of plaintiff.

In the alternative, the policy stated that the term " 'use' of an automobile includes the loading and unloading thereof." We find this definition covers the "loading and unloading" of the children in the underlying complaint.

In light of the foregoing, we reverse the judgment and remand this cause to the circuit court of Cook County for further proceedings consistent with the views contained herein.

Judgment reversed and remanded.

RIZZI and GREIMAN, JJ., concur.