TRUMPETER DEVELOPMENTS, LLC, Plaintiff,

v.

PIERCE COUNTY, Rita Kozak, William Schroeder, Leroy Peterson, Richard Ruemmele, Daniel Pittman, George Petaja, Merlin Blasdell and Jeff Holst, Defendants-Appellants,

WISCONSIN COUNTY MUTUAL INSURANCE CORPORATION, Intervenor-Defendant-Respondent.

Court of Appeals

*No. 03–2754–FT. Submitted on briefs January 29, 2004.— Decided April 6, 2004.*

2004 WI App 107

(Also reported in 681 N.W.2d 269.)

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Michael J. Happe* of *Ryberg & Happe, S.C.*, Eau Claire.

On behalf of the intervenor-defendant-respondent, the cause was submitted on the brief of *Tamara Hayes O'Brien* of *Whtye Hirschboeck Dudek S.C.*, Milwaukee.

Before Cane, C.J., Hoover, P.J., and Peterson, J.

¶ 1. PETERSON, J. Pierce County appeals a declaratory judgment that Wisconsin County Mutual Insurance Corporation had no duty to defend or indemnify the County from Trumpeter Development's claims against the County.[1] The circuit court determined there was no covered occurrence and that an exclusion barred coverage. The County argues otherwise. We agree with the circuit court as to the exclusion and affirm the judgment on that basis without deciding whether there was a covered occurrence.

## BACKGROUND

¶ 2. Trumpeter purchased over 700 acres of land for development in Pierce County. This land was divided through a series of certified survey maps. The Pierce County Land Management Committee approved maps for eighty-four lots. However, the committee refused to approve maps for thirteen additional lots unless Trumpeter dedicated a portion of the land for parkland. The committee based this condition upon its interpretation of a county ordinance.

¶ 3. Trumpeter filed an action against the County. The circuit court found that the committee lacked authority to compel dedication of the land as a condition of approval of certified survey maps. We affirmed the circuit court, concluding that the committee erroneously interpreted the ordinance. *See Trumpeter Dev. v. Feuerhelm*, No. 00–1518, unpublished slip op. at 2 (Wis. Ct. App. April 10, 2001).

¶ 4. Trumpeter then commenced this action against the County and individual members of the committee. Trumpeter alleged (1) the County took Trumpeter's property without just compensation; (2)

---

[1] This is an expedited appeal under WIS. STAT. RULE 809.17.

the County's actions caused a stigma on Trumpeter's ability to sell previously approved lots located near the thirteen certified survey maps; and (3) the County intentionally violated Trumpeter's civil rights and refused to approve the certified survey maps in order to coerce or extort a dedication of parkland.

¶ 5. Wisconsin County Mutual Insurance Corporation (WCMIC) insured the County under a public entity liability policy. WCMIC intervened and filed a motion for declaratory judgment that it had no duty to defend or indemnify the County from Trumpeter's claims. The court granted the motion and the County appeals.

## DISCUSSION

¶ 6. The interpretation of an insurance contract and the conclusion as to whether coverage exists are questions of law that we review independently. *Ledman v. State Farm Mut. Auto. Ins. Co.*, 230 Wis. 2d 56, 61, 601 N.W.2d 312 (Ct. App. 1999). We interpret insurance contracts to give effect to the intentions of the parties. *Kennedy v. Washington Nat'l Ins. Co.*, 136 Wis. 2d 425, 428, 401 N.W.2d 842 (Ct. App. 1987).

¶ 7. "To determine whether a duty to defend exists, the complaint claiming damages must be compared to the insurance policy and a determination made as to whether, if the allegations are proved, the insurer would be required to pay the resulting judgment." *School Dist. v. Wausau Ins. Cos.*, 170 Wis. 2d 347, 364–65, 488 N.W.2d 82 (1992). Assuming the allegations are proved true, if the insurer would be obligated to pay the resulting judgment under the terms of the policy,

then the insurer has a duty to defend the insured. *Atlantic Mut. Ins. Co. v. Badger Med. Supply Co.*, 191 Wis. 2d 229, 236, 528 N.W.2d 486 (Ct. App. 1995).

¶ 8. Exclusions within insurance policies define the risks the insurer is willing to cover. *Garriguenc v. Love*, 67 Wis. 2d 130, 135, 226 N.W.2d 414 (1975). The WCMIC policy contains an exclusion that states the policy does not apply to "Liability arising out of or in any way connected with any operation of the principles of eminent domain, condemnation proceedings, or inverse condemnation, by whatever name called . . . ." The County argues that the complaint does not allege claims arising out of or connected with the principles of eminent domain, condemnation proceedings or inverse condemnation. Thus, it maintains the exclusion does not apply and coverage is afforded. However, we must look at the incident giving rise to Trumpeter's claim, not the theory of liability. *See Berg v. Schultz*, 190 Wis. 2d 170, 177, 526 N.W.2d 781 (Ct. App. 1994). The County claims that the precipitating incident was the committee's misconstruction of the ordinances. We disagree. Rather, the incident giving rise to Trumpeter's claim was the committee's refusal to approve the certified survey maps unless Trumpeter set aside parkland.

¶ 9. The phrase "arising out of" in an insurance policy is very broad, general, and comprehensive and is ordinarily understood to mean originating from, growing out of, or flowing from. *Garriguenc*, 67 Wis. 2d at 137. When "arising out of" is used in an exclusion, all that is necessary is some causal relationship between the injury and the event not covered. *Id.*

¶ 10. Eminent domain is "the power of the sovereign to take property for public use without the owner's consent upon making just compensation." *Stelpflug v. Town Board*, 2000 WI 81, 236 Wis. 2d 275, 286, 612 N.W.2d 700 (quoting 1 NICHOLS, EMINENT DOMAIN, § 1.11, p. 1–10 (3d ed. 1999)). The County argues there was no formal exercise of its power of eminent domain through a condemnation proceeding, and thus the exclusion cannot apply. However, the exclusion does not require formal exercise of the County's power. Instead, the policy excludes actions merely connected "in any way" with the *principles* of eminent domain. Here, the committee exercised what it believed to be its authority to require Trumpeter to designate land for parks. This arises out of the principles of eminent domain.

¶ 11. Inverse condemnation is defined by the policy as a claim "that an insured has taken or diminished the value of land through land use restrictions on such land or use of adjacent land or airspace by an insured." The County argues "land use restrictions" is not defined by the policy and is ambiguous. However, we give words in insurance policies "the common and ordinary meaning [they] would have in the mind of a lay person." *Employers Health Ins. v. General Cas. Co.*, 161 Wis. 2d 937, 946, 469 N.W.2d 172 (1991). We conclude the phrase is not ambiguous and indeed means just what it says—a restriction on the use of land. Here, the committee attempted to restrict Trumpeter's use of the land by requiring it to dedicate a portion for parkland. The result was a temporary taking and a diminished value of the land through land use restrictions.

¶ 12. Finally, the County argues that the complaint alleges more than a taking, but also loss of use of property, slander of title, and interference with marketing of the property, as well as discrimination and violations of civil rights. However, as we have noted, we must look at the incident giving rise to Trumpeter's claim, not the theory of liability asserted. *See Berg*, 190 Wis. 2d at 177. These additional claims would not exist absent the County's failure to approve the certified survey maps. Thus, they arise out of the principles of eminent domain and inverse condemnation. Therefore, the exclusion applies.[2]

*By the Court.*—Judgment affirmed.

---

[2] The County also alleges that the committee's failure to approve the certified survey maps unless Trumpeter dedicated parkland is a covered occurrence under the policy. We do not reach this issue because we conclude coverage is excluded. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (we dispose of an appeal on the narrowest possible grounds).