11-1438-cv
Madison Nat'l Life Ins. Co., Inc. v. Travelers Prop. Cas. Co. America

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 17th day of  February, two thousand twelve.

Present:
            ROBERT A. KATZMANN,
            DENNY CHIN,
                        *Circuit Judges*,
            LEE H. ROSENTHAL,
                        *District Judge*.[*]

---

MADISON NATIONAL LIFE INSURANCE
COMPANY, INC.,

            *Plaintiff-Appellant*

            v.                                          No.  11-1438-cv

TRAVELERS PROPERTY CASUALTY
COMPANY OF AMERICA.

            *Defendant-Appellee.*

---

---

[*] The Honorable Lee H. Rosenthal, of the United States District Court for the Southern District of Texas, sitting by designation.

For Plaintiff-Appellant:        PHILIP Y. KOUYOUMDJIAN, Cozen O'Connor, LLP,
                                New York, N.Y.

For Defendant-Appellee:         MICHAEL H. COHEN, Saiber LLC (David M. Farkouh,
                                *on the brief*), Florham Park, N.J.


        Appeal from the United States District Court for the Southern District of New York
(Hellerstein, *J.*).

        **ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and

**DECREED** that the judgment of the district court be and hereby is **AFFIRMED.**

        In this insurance coverage action, Plaintiff-Appellant Madison National Life Insurance

Company, Inc. ("Madison") appeals a judgment entered on March 14, 2011 by the Southern

District of New York (Hellerstein, *J.*), following a March 7, 2011 oral order granting the motion

for summary judgment of Defendant-Appellee Travelers Property Casualty Company of America

("Travelers") and denying Madison's motion for the same.  Specifically, the district court held

that Travelers, as Madison's insurer, correctly denied Madison's request that Travelers tender a

defense in an underlying lawsuit, *Poland v. Madison Nat'l Life Ins. Co.*, No. 05CV410(AHS)

(C.D. Cal. 2005) (hereinafter, the "Poland Action").  Travelers denied coverage on the basis of

its determination that the pertinent claims in the Poland Action -- for breach of contract and

defamation, respectively -- both fell within a "financial services" exclusion contained in the

applicable insurance policies.  We presume the parties' familiarity with the remaining facts and

procedural history of this case.

        We review a district court's grant of summary judgment *de novo*.  *Pilgrim v. Luther*, 571

F.3d 201, 204 (2d Cir. 2009).  In reviewing a summary judgment decision, we "utilize[] the same

standard as the district court: summary judgment is appropriate where there exists no genuine

issue of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law." *D'Amico v. City of New York*, 132 F.3d 145, 149 (2d Cir. 1998). A material fact is one that might "affect the outcome of the suit under the governing law," and a dispute about a genuine issue of material fact occurs if the evidence is such that "a reasonable [fact finder] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The parties agree that Wisconsin law governs this action. *See Krumme v. WestPoint Stevens Inc.*, 238 F.3d 133, 138 (2d Cir. 2000) (stating that he parties' agreement as to applicable law is "sufficient to establish choice of law."). Under Wisconsin law, "[a] policy of insurance like any other contract is to be construed so as to give effect to the intention of the parties." *Elliott v. Donahue*, 485 N.W.2d 403, 408 (Wis. 1992). Similarly, "[t]he duty to defend is a creature of contract. No Wisconsin statute prescribes a duty to defend or restricts its contractual limitation." *Novak v. Am. Family Mut. Ins. Co.*, 515 N.W.2d 504, 506 (Wis. Ct. App. 1994). Determining whether a duty to defend exists under Wisconsin law requires a court to compare the policy and the underlying complaint, and assess "whether, if the allegations [in the underlying complaint] are proved, the insurer would be required to pay the resulting judgment." *Trumpeter Devs., LLC v. Pierce Cnty*, 681 N.W.2d 269, 271 (Wis. Ct. App. 2004) (internal quotation marks omitted). In this regard, "[t]he duty of defense depends on the nature of the claim and has nothing to do with the merits of the claim." *Elliott*, 485 N.W.2d at 407. However, in determining whether a particular claim gives rise to a duty to defend, Wisconsin courts "must look at the incident giving rise to [the underlying] claim . . . not the theory of liability" under which the claim is brought. *Trumpeter Devs.*, 681 N.W.2d at 271.

Here, Travelers's generally applicable duty to defend Madison in any lawsuit seeking "damages because of 'personal injury,'" J.A. 153, is limited by a number of exclusions, including the financial services exclusion, which states that "[t]his insurance . . . does not apply to . . . 'personal injury' . . . arising out of the selection . . . or termination of any person or organization who has rendered or failed to render financial services," J.A. 168. The exclusion does not offer a general definition of "financial services," but defines the term by reference to an enumerated list of activities, including those "[w]ith respect to any contract or treaty of insurance." *Id.*

We conclude that the underlying claims in the Poland Action fall within this financial services exclusion. First, the incident giving rise to both the breach of contract and defamation claims in the Poland Action was Madison's termination of its Managing General Underwriting Agreement (the "Underwriting Agreement") with Deborah Poland and Coastal Reinsurance Management ("Coastal"), an insurance underwriting company formed and controlled by Poland. Notably, as made clear in the First Amended Complaint filed in the Poland Action, the only allegedly defamatory words at issue were contained in Madison's letter to Coastal terminating the Underwriting Agreement. Second, Madison's stated reason for terminating the Underwriting Agreement -- which authorized Coastal to "manage, underwrite and service" medical excess loss insurance on Madison's behalf -- was that Coastal did not perform its duties under the Agreement in accordance with Madison's underwriting guidelines. Accordingly, it is clear that Poland and Coastal both engaged in activities "with respect to" insurance contracts, and that their claims against Madison in the Poland Action directly arose from their termination for failing to render those activities.

4

On the basis of the foregoing, we conclude that the district court correctly held that both of the relevant claims in the Poland Action are squarely encompassed within the financial services exclusion in that the claims "aris[e] out of the . . . hiring . . . or termination of any person or organization who" engages in activities "[w]ith respect to any contract . . . of insurance," J.A. 168. Having considered all of Madison's arguments in support of a contrary conclusion and finding them to be without merit, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5