In re the Support of: C.L.F.

State of Wisconsin, Petitioner,

Myhia N. Fosshage, Petitioner-Respondent,

v.

Chad L. Freymiller, Respondent-Appellant.

Court of Appeals

*No. 2005AP2460. Submitted on Briefs June 14, 2006.
—Decided December 7, 2006.*

2007 WI App 6

(Also reported in 727 N.W.2d 334.)

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Rex R. Anderegg* of *Anderegg & Mutschler, LLP*, Milwaukee.

On behalf of the petitioner-respondent, the cause was submitted on the brief of *William H. Rudolph* of *Rudolph Law Office*, Hillsboro.

Before Dykman, Deininger and Higginbotham, JJ.

¶ 1. DEININGER, J. Chad Freymiller appeals an order that awarded primary placement of his five-year-old son to the child's mother, Myhia Fosshage. He claims the circuit court erred by deciding a contested placement issue without the participation and input of a guardian ad litem for the child. We conclude that, pursuant to Wis. Stat. § 767.045(1) (2003–04),[1] a circuit court may not determine the primary placement of a child when the issue is contested without appointing a guardian ad litem for the child. We also conclude that, because the interests affected by the absence of a guardian ad litem are the child's and not the parties', we will not decline to address the issue on the basis of either the waiver rule or the doctrine of invited error. Accordingly, we reverse the appealed order and remand to the circuit court for further proceedings consistent with the directions given at the conclusion of this opinion.

## BACKGROUND

¶ 2. The parties' son was born in August 2000 while the parties lived together in Fennimore. They separated the following year, with Freymiller remaining in Fennimore and Fosshage moving to Black Earth, some fifty miles distant. During most of the period following their separation, Freymiller and Fosshage

---

[1] All references to the Wisconsin Statutes are to the 2003–04 version unless otherwise noted.

shared placement of the child equally. This arrangement was interrupted on several occasions due to disagreements between the parties, as well as during times that Freymiller served on active duty with the U.S. armed forces.

¶ 3. As the child approached school age, the parties recognized that he would have to be enrolled in one of two school districts that were at some distance from each other, rendering equal sharing of placement during the school year infeasible or, at a minimum, impractical. Because they could not agree on a primary school-year placement for their son, each party moved for primary placement. The circuit court appointed a guardian ad litem to represent the child's best interests. About a week before the scheduled hearing on the placement issue, however, the guardian ad litem withdrew due to a medical emergency. The circuit court was unable to find a replacement guardian ad litem prior to the date of the hearing.

¶ 4. The parties, due to the impending start of the school year, agreed on the record to proceed with the hearing without the participation of a guardian ad litem. Freymiller suggested a follow-up study or report from a guardian ad litem. Our understanding of this suggestion is that Freymiller wanted to have the record supplemented with a post-hearing report from a guardian ad litem for the court to consider before it entered a permanent placement order. Fosshage was somewhat resistant to the idea of post-hearing input from a guardian ad litem, believing the court might not deem it necessary. The court responded that it "would probably" enter an order for the first school semester and then get input from the guardian ad litem "whether he thinks that we need another hearing or whether we should allow the arrangement to continue."

337

¶ 5. The circuit court awarded primary placement to Fosshage, giving Freymiller placement on alternate weekends during the school year, every other week during the summer, and specified vacation and holiday placements as well. Nothing in either the court's oral decision or its subsequent written order indicates that the placement ordered was to be temporary or that future input from a guardian ad litem was contemplated. Freymiller appeals, claiming the court erred in deciding the contested placement issue without the participation of and input from a guardian ad litem, and, further, that it erroneously exercised its discretion in awarding primary placement of the child to Fosshage.

## ANALYSIS

¶ 6. The first and dispositive issue in this appeal requires us to interpret and apply WIS. STAT. § 767.045, which presents a question of law we decide de novo. *See Gold v. City of Adams*, 2002 WI App 45, ¶ 7, 251 Wis. 2d 312, 641 N.W.2d 446. We are to assume that the legislature expressed its intent in the statutory language it chose to enact. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. We will therefore give the statutory language its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning. *Id.*, ¶ 45. If our analysis of the statutory language yields " 'a plain, clear statutory meaning, then there is no ambiguity, and the statute is applied according to this ascertainment of its meaning.' " *Id.*, ¶ 46 (citation omitted).

¶ 7. WISCONSIN STAT. § 767.045(1) provides in pertinent part as follows:

> (a) The *court shall appoint a guardian ad litem* for a minor child in any action affecting the family *if any of the following conditions exists:*
>
> > 1. The court has reason for special concern as to the welfare of a minor child.
> >
> > 2. Except as provided in par. (am), the legal custody or *physical placement of the child is contested.*

(Emphasis added.) The referenced exception, paragraph (1)(am), permits a court to modify physical placement of a child without appointing a guardian ad litem under certain circumstances, including a requirement that the "modification sought would not substantially alter the amount of time that a parent may spend with his or her child." Section 767.045(1)(am). Fosshage does not dispute Freymiller's assertion that the exception under (1)(am) does not apply in this case because the placement modification at issue does "substantially alter the amount of time" that the parties' son would spend with each of them.

¶ 8. We note at the outset that this court has already implicitly concluded that, unless the statutory exception applies, the statute mandates the appointment of a guardian ad litem whenever custody or physical placement is contested. *See Lofthus v. Lofthus*, 2004 WI App 65, ¶ 30, 270 Wis. 2d 515, 678 N.W.2d 393 (Where the modification sought would substantially alter the amount of time a parent would spend with his children, "the court was required under WIS. STAT. § 767.045(1)(a[])2 to appoint the guardian ad litem."). Although we stated this conclusion in *Lofthus*, we did

not expressly analyze the question as one of statutory interpretation, perhaps because the parties did not frame or argue the issue in that fashion. Accordingly, we examine the language of Wis. Stat. § 767.045(1) to determine whether it supports our conclusion in *Lofthus*. We conclude that it does.

■

¶ 9. We agree with Freymiller that the legislature's choice of the word "shall" is an indication it intended that the circuit court would appoint a guardian ad litem whenever placement is contested, unless the statutory exception noted above applies. *See, e.g., Hayen v. Hayen*, 2000 WI App 29, ¶ 18, 232 Wis. 2d 447, 606 N.W.2d 606 ("In interpreting statutory language, the general rule is that the word 'shall' is presumed to be mandatory."). It is also true, however, that the word "shall" may be construed as being only "directory" if such a construction is " 'necessary to carry out the legislature's clear intent.' " *See Warnecke v. Warnecke*, 2006 WI App 62, ¶ 12, 292 Wis. 2d 438, 713 N.W.2d 109 (citation omitted).

¶ 10. We perceive no expression of legislative intent that the word "shall" in Wis. Stat. § 767.045(1) was meant to be only directory and not mandatory. To the contrary, the legislature's choice of language to introduce the exception in paragraph (1)(am) confirms the mandatory nature of the appointment of a guardian ad litem for custody or placement disputes when the exception does not apply: "The *court is not required to appoint* a guardian ad litem under par. (a)2. *if* all of the following apply." Section 767.045(1)(am) (emphasis added). We conclude that, by specifying when a guardian ad litem appointment "is not required," the language, of 767.045(1), taken as a whole, plainly means that, in all other custody or placement contests, the appointment *is* required.

¶ 11. We note that Fosshage advances no reason to deviate from the general rule of interpreting the legislative "shall" in WIS. STAT. § 767.045(1) as mandatory, and, as discussed above, we see no reason to do so. *See Hayen*, 232 Wis. 2d 447, 18. Moreover, an item from the legislative history of the present 767.045(1) confirms our conclusion that the plain meaning of 767.045(1) is that, unless the statutory exception applies, a circuit court must appoint a guardian ad litem when parties contest the physical placement of a child. A Judicial Council Note that appears as an annotation in the official Wisconsin Statutes following the text of 767.045 explains that "[s]ub.(1)(a) specifies the situations in which *the court is required to appoint* a guardian ad litem." JUDICIAL COUNCIL NOTE, 1990 (emphasis added); *see Kalal*, 271 Wis. 2d 633, 51 (noting that "legislative history" may be "consulted to confirm or verify a plain-meaning interpretation.").

¶ 12. Fosshage cites *Bahr v. Galonski*, 80 Wis. 2d 72, 257 N.W.2d 869 (1977), in support of her claim that the circuit court did not err by hearing and deciding the contested placement issue without the presence and participation of a guardian ad litem. Fosshage contends that *Bahr* stands for the proposition that whether to appoint a guardian ad litem is committed to the trial court's exercise of discretion. *See id.* at 83 ("Under the facts of this case we are of the opinion the proper exercise of judicial discretion mandated the appointment of a guardian ad litem."). Freymiller, meanwhile, also relies on *Bahr*, asserting that the case demonstrates that "the participation of a guardian ad litem is mandatory in a proceeding such as this one." *See id.* at 84 ("[I]n a case such as the present one, the proper exercise of judicial discretion required the appointment of a guardian ad litem.").

341

¶ 13. Both parties' reliance on *Bahr* is misplaced. The question before us is whether WIS. STAT. § 767.045(1) renders the appointment of a guardian ad litem mandatory in all contested placement proceedings to which the statutory exception does not apply. The statute at issue in *Bahr*, however, was WIS. STAT. § 247.045 (1975), which simply provided that "when the court has reason for special concern as to the future welfare of the minor children, the court shall appoint a guardian ad litem to represent such children." *See Bahr*, 80 Wis. 2d at 81 n.3. The operative statutory language in *Bahr* was thus similar to what is now § 767.045(1)(a)1., but the older statute made no specific mention of contested custody or placement ("visitation") proceedings as does the present § 767.045(1)(a)2. Nothing in *Bahr*, therefore, serves to either confirm or refute our conclusion regarding the plain meaning of the present WIS. STAT. § 767.045(1).

¶ 14. In sum, we conclude the circuit court erred by failing to follow the statutory mandate that a guardian ad litem must be appointed to represent a child's best interests when his or her parents contest the issue of physical placement.[2] We thus turn to Fosshage's contention that we should not address Freymiller's claim of error regarding the lack of a guardian ad litem in the placement proceedings. Fosshage maintains that, by agreeing to proceed with the hearing in the circuit court without the participation of a guardian ad litem, Freymiller invited the error for which he now seeks a

_____

[2] We recognize, of course, that the circuit court did initially appoint a guardian ad litem in this case, but the appointed attorney withdrew for medical reasons about a week prior to the scheduled hearing on the placement motions. There is no indication in the record that a successor guardian ad litem was appointed, either before or after the placement hearing.

reversal, or alternatively, that he waived the right to raise the guardian ad litem issue on appeal. We reject both bases for avoiding the issue.

¶ 15. It is true that Freymiller not only failed to object to the circuit court's hearing the placement issue without a guardian ad litem for the child present, but his comments at the outset of the hearing arguably constituted an invitation to the court to proceed in that fashion. Generally, where a party "invites error" on a given issue, we will not review the issue on appeal. *See Shawn B.N. v. State*, 173 Wis. 2d 343, 372, 497 N.W.2d 141 (Ct. App. 1992) ("If error occurred, [the appellant's] counsel invited it. We will not review invited error."). The concept of invited error is closely related to the doctrine of judicial estoppel, which is based on the notion that "[i]t is contrary to fundamental principles of justice and orderly procedure to permit a party to assume a certain position in the course of litigation which may be advantageous, and then after the court maintains that position, argue on appeal that the action was error." *State v. Gove*, 148 Wis. 2d 936, 944, 437 N.W.2d 218 (1989).

¶ 16. Even if we were to overlook Freymiller's affirmative request of the circuit court to decide the placement issue before the start of school without the participation of a guardian ad litem, it would be difficult not to deem Freymiller's failure to object to the absence of a guardian ad litem as a waiver of the issue for purposes of appeal. The supreme court explained in *Village of Trempealeau v. Mikrut*, 2004 WI 79, ¶ 16, 273 Wis. 2d 76, 681 N.W.2d 190, the reasons behind the waiver rule, which it stated go " 'to the heart of the common law tradition and the adversary system' ":

> The waiver rule serves several important objectives. Raising issues at the trial court level allows the trial court to correct or avoid the alleged error in the first place, eliminating the need for appeal . . . . It also gives both parties and the trial judge notice of the issue and a fair opportunity to address the objection . . . . Finally, the rule prevents attorneys from "sandbagging" errors, or failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal . . . . For all these reasons, the waiver rule is essential to the efficient and fair conduct of our adversary system of justice.

*Id.*, ¶ 16 (citation omitted).

¶ 17. The waiver rule, like the invited error doctrine, is a rule of judicial administration, and, we may, in our discretion, decide to disregard a waiver and address the merits of an unpreserved issue. *See id.*, 17 (waiver rule); *State v. Petty*, 201 Wis. 2d 337, 353, 548 N.W.2d 817 (1996) (judicial estoppel/invited error). We conclude that it would be inappropriate for us to rely on the doctrines of either invited error or waiver to affirm the appealed order in this case because the "guilty" party in this case (Freymiller) is not the person who would be penalized for Freymiller's actions or omissions. The statutorily mandated presence and participation of a guardian ad litem in a contested custody or placement proceeding is intended to benefit the interests of the child or children whose future circumstances the parties are contesting, not the interests of the parties to the proceeding. The requirement also provides a benefit to the circuit court, which receives from the guardian ad litem an arguably more objective and detached presentation of what arrangements would be in the child's best interests than the court is likely to receive from either contestant-parent.

¶ 18. If we were to affirm the present order because Freymiller waived or invited the error of the court's determining the child's placement without the participation of a guardian ad litem, the child (and the court) will have been deprived of the benefit of the important duties the guardian ad litem would have been charged to perform:

> The guardian ad litem shall be an advocate for the best interests of a minor child as to paternity, legal custody, physical placement, and support. The guardian ad litem shall function independently, in the same manner as an attorney for a party to the action, and shall consider, but shall not be bound by, the wishes of the minor child or the positions of others as to the best interests of the minor child. The guardian ad litem shall consider the [statutory custody and placement] factors . . . and custody studies . . . . The guardian ad litem shall investigate whether there is evidence that either parent has engaged in interspousal battery, . . . or domestic abuse, . . . and shall report to the court on the results of the investigation. The guardian ad litem shall review and comment to the court on any mediation agreement and stipulation . . . and on any parenting plan filed . . . . Unless the child otherwise requests, the guardian ad litem shall communicate to the court the wishes of the child as to the child's legal custody or physical placement . . . .

WISCONSIN STAT. § 767.045(4).

¶ 19. In short, it was not Freymiller's interests that were adversely affected by the absence of a guardian ad litem, but those of his and Fosshage's son. Neither Freymiller nor Fosshage were empowered to waive their child's statutory right to have his best interests represented and advocated for in the placement proceeding. We do not fault either of the parties

for believing that, given the importance of determining their son's weekday placement prior to the start of the school year, the lesser of two evils would be to proceed with the hearing on the scheduled date despite the guardian ad litem's last-minute withdrawal. We also find the circuit court's acquiescence to the parties' joint request understandable in light of the circumstances presented. We cannot, however, allow the present placement order to remain in place unless or until the statutory mandate for a guardian ad litem's participation and input is satisfied. *See, e.g., Johnson v. Johnson,* 157 Wis. 2d 490, 496, 460 N.W.2d 166 (Ct. App. 1990) (concluding that the "[f]ailure to appoint a guardian ad litem in a timely fashion was not harmless error").

¶ 20. Accordingly, we reverse the appealed order and remand for further proceedings consistent with this opinion. On remand, the circuit shall appoint a guardian ad litem for the child, who shall be provided access to a transcript of the placement hearing and the exhibits introduced at the hearing. The guardian ad litem shall consult with the parties' son and make such further investigation of the child's circumstances and best interests as the guardian ad litem deems necessary, following which, he or she shall make a recommendation to the circuit court. Following the court's and the parties' receipt of the guardian ad litem's recommendation, the circuit court may conduct such further proceedings as the parties or guardian ad litem may request and that the court deems necessary or appropriate.[3] After reconsidering its placement order in light

---

[3] We emphasize that the sole purpose of our remand is to permit the circuit court to cure the error of determining the contested placement issue without the participation of a guardian ad litem. We do not intend that the parties be able to fully re-litigate the placement dispute. They should, of course, have

of the guardian ad litem's participation and input, the circuit court may reinstate its original placement order, modify it in one or more regards, or fashion an entirely new physical placement order.

¶ 21. Notwithstanding our disposition, we direct that the provisions of the appealed order shall remain in effect as a temporary placement order until the circuit court completes its action on the remanded placement issue.[4]

## CONCLUSION

¶ 22. For reasons stated above, we reverse the appealed order and remand to the circuit court for further proceedings consistent with this opinion.

*By the Court.*—Order reversed and cause remanded with directions.

the opportunity to respond to the guardian ad litem's recommendation. Whether written responses will suffice, or whether further in-court proceedings will be necessary or appropriate, and the scope of such proceedings, if any, are matters within the circuit court's discretion.

[4] Freymiller also contends in this appeal that, in addition to erring by proceeding without the participation of a guardian ad litem, the circuit court erroneously exercised its discretion by entering a placement order that does not comport with the child's best interest. We do not address this second claim of error because, as discussed above, we are setting aside the present placement order and remanding for reconsideration by the circuit court.