# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In re the Marriage of | NO. 68668-2-I |
| BALBIRPAL GREWAL, | DIVISION ONE |
|         Respondent, | |
|     and | |
| HARJINDER GREWAL, | UNPUBLISHED OPINION |
|         Appellant. | FILED: April 29, 2013 |

LAU, J. — The invited error doctrine precludes a party who materially contributes to an error from raising the error on appeal. In this appeal, Harjinder Grewal contends the trial court abused its discretion in denying genetic testing of his child and dismissing his petition to disestablish paternity because the child was not actively represented by a guardian ad litem (GAL) as required by statute. Because Harjinder materially contributed to this alleged error by repeatedly refusing to comply with a court order requiring him to pay the GAL's fees, he invited the error and cannot raise it on appeal. Because Harjinder's remaining challenge to orders denying his pretrial motions for genetic testing lack merit, we affirm.

## FACTS

Harjinder and Balbirpal Grewal married in April 2000 and had three children during their marriage; H.G., N.G., and K.G. On March 11, 2011, Balbirpal filed a petition

for dissolution. Five months later, Harjinder filed a petition to disestablish his parentage as to H.G. and a motion for genetic testing.

On November 17, 2011, a court commissioner held a hearing on the motion for genetic testing. Harjinder told the commissioner "the children are mine, and she's telling everyone in the community the children are not mine and that's why I wanted to prove it." Motion Hearing at 6. The commissioner denied the motion, ordered the appointment of a GAL to represent H.G., and ordered Harjinder to pay the GAL's fees and the cost of any genetic testing she recommended. The commissioner found the motion was brought in bad faith and awarded Balbirpal $2,000 in attorney fees.

On November 20, 2011, Harjinder filed a second motion for genetic testing. In denying the motion, the commissioner stated:

> [I]t's exactly the same motion that I ruled on the last time. And in that previous motion, the father asked for genetic testing, and I appointed the guardian ad litem at the father's expense, and we come here several months later now asking for the same relief, but the father has not complied with my previous order. He is simply asking for the same relief again.
>
> . . . .
> . . . . You're wasting time. You're wasting your wife's money. You've already been found to have abused the process by Commissioner Ponomarchuk. It's clear that you're abusing the process now and intentionally costing your wife attorneys' fees. I'm imposing terms against you in favor of your wife . . . , and you are not allowed to bring this motion again until you fully comply with my order.

Motion Hearing (Dec. 29, 2011) at 6-7 (emphasis added).

In March 2012, the parties proceeded to trial on the petitions for dissolution and to disestablish parentage. Although Harjinder had still not complied with the court's order to pay the GAL's fees, he requested genetic testing for all three children. In unchallenged findings of fact and conclusions of law, the court determined that genetic

-2-

testing for N.G. and K.G. was time barred under RCW 26.26.530. The court then considered the genetic testing factors set forth in RCW 26.26.535 and concluded that testing for H.G. should be denied. The court's findings state in pertinent part:

> The father alleged in his petition that the mother had stated he was not the father. He did not question her about this at trial. There was no witness produced regarding such a conversation and he did not even testify to this at trial himself. Father made an allegation that somehow this was stated within the community. Again, mother was not asked this question, father did not so testify and no other witness so testified. The court cannot find any facts were offered regarding . . . father's possible nonpaternity.
>
> . . . .
>
> The Court considers the number of motions, the timing of the allegations, [and] the last minute raising of the paternity. . . . The court finds that the request for genetic testing was a litigation tactic not made in good faith. The Court also considers that the father chose not to use the services of the court appointed guardian ad litem despite the fact that he had $60,000 which he had taken from a line of credit. Based upon all of that evidence the court finds by clear and convincing evidence that the father is estopped from denying parentage and it would be inequitable to disprove the parent/child relationship, and therefore the motion for genetic testing is denied. .

(Emphasis added.) The court then dismissed Harjinder's petition to disestablish parentage. He appeals.

## DECISION

Harjinder contends the court commissioners and the trial court violated H.G.'s rights to due process and a GAL under RCW 26.26.535 when they denied genetic testing in the absence of any active representation of H.G. by a GAL. He argues that these errors fatally undermine the trial court's decisions regarding parentage and child support. Balbirpal responds that Harjinder lacks standing to assert H.G.'s statutory and constitutional rights, that any error was invited by Harjinder, and that any error was harmless. We conclude the commissioners did not err in denying Harjinder's pretrial

-3-

motions without prejudice and any error by the trial court in its denial of genetic testing was invited and harmless.

Under Washington's uniform parentage act, a presumption of paternity arises when a child is born during marriage. RCW 26.26.116(1)(a). This presumption may be disproved only by admissible results of genetic testing. RCW 26.26.600(1). When, as in this case, a presumed father moves for genetic testing, the court must appoint a GAL for the child. RCW 26.25.535(3). In ruling on the motion, the court must exercise its discretion in light of the requirements of RCW 26.26.535.[1] In re Parentage of K.R.P.,

---

[1] RCW 26.26.535 provides in pertinent part:
"(1) In a proceeding to adjudicate parentage under circumstances described in RCW 26.26.530 or in RCW 26.26.540, a court may deny a motion seeking an order for genetic testing of the mother or father, the child, and the presumed or acknowledged father if the court determines that:
"(a)(i) The conduct of the mother or father or the presumed or acknowledged parent estops that party from denying parentage; and
"(ii) It would be inequitable to disprove the parent-child relationship between the child and the presumed or acknowledged parent . . . .
"(2) In determining whether to deny a motion to seek an order for genetic testing under subsection (1)(a) of this section, the court shall consider the best interest of the child, including the following factors:
"(a) The length of time between the proceeding to adjudicate parentage and the time that the presumed or acknowledged parent was placed on notice that he or she might not be the genetic parent;
"(b) The length of time during which the presumed or acknowledged parent has assumed the role of parent of the child;
"(c) The facts surrounding the presumed or acknowledged parent's discovery of his or her possible nonparentage;
"(d) The nature of the relationship between the child and the presumed or acknowledged parent;
"(e) The age of the child;
"(f) The harm that may result to the child if parentage is successfully disproved;
"(g) The nature of the relationship between the child and any alleged parent;
"(h) The extent to which the passage of time reduces the chances of establishing the parentage of another person and a child support obligation in favor of the child; and

160 Wn. App. 215, 227, 247 P.3d 491 (2011)("whether genetic testing is permitted in a case involving a presumed father is subject to the court's exercise of discretion, as guided by the statutory factors set forth in RCW 26.26.535(2)."). We review the court's decision for abuse of discretion.

Here, Harjinder's pretrial motions for genetic testing were essentially denied without prejudice to renew them once he paid the GAL's fees. These rulings were consistent with H.G.'s right to a GAL under RCW 26.26.535(3). The commissioners did not abuse their discretion.

Harjinder's final request for genetic testing violated the pretrial order barring further requests for testing until he paid the GAL's fees. After noting that the absence of a GAL was due to Harjinder's noncompliance with that order, the trial court applied the statutory factors in RCW 26.26.535 and denied genetic testing. Harjinder contends the court violated H.G.'s statutory and constitutional rights to be actively represented by a GAL. He concedes he failed to pay the GAL's fees and acknowledges that the rights allegedly violated are H.G.'s. He contends, however, that he has standing to assert violations of those rights on appeal because of his status as a presumptive father. But

---

"(i) Other factors that may affect the equities arising from the disruption of the parent-child relationship between the child and the presumed or acknowledged parent or the chance of other harm to the child.

"(3) In a proceeding involving the application of this section, a minor or incapacitated child must be represented by a guardian ad litem.

"(4) A denial of a motion seeking an order for genetic testing under subsection (1)(a) of this section must be based on clear and convincing evidence.

"(5) If the court denies a motion seeking an order for genetic testing under subsection (1)(a) of this section, it shall issue an order adjudicating the presumed or acknowledged parent to be the parent of the child."

even assuming Harjinder has such standing, he is barred from raising the alleged errors by the doctrine of invited error and RAP 2.5(a).

The invited error doctrine prevents the injustice of a party benefiting from an error that he caused or should have prevented. State v. Recuenco, 154 Wn.2d 156, 163, 110 P.3d 188 (2005), rev'd on other grounds by Washington v. Recuenco, 548 U.S. 212, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006); State v. Erickson, 146 Wn. App. 200, 189 P.3d 245 (2008). In determining whether the doctrine bars review, courts consider whether the party asserting error affirmatively assented to it, materially contributed to it, or benefited from it. State v. Momah, 167 Wn.2d 140, 154, 217 P.3d 321, 328 (2009); State v. Barnett, 104 Wn. App. 191, 200, 16 P.3d 74 (2001) (potential error waived if the party asserting such error materially contributed thereto); In re Dependency of K.R., 128 Wn.2d 129, 147, 904 P.2d 1132 (1995) ("This court will deem an error waived if the party asserting such error materially contributed thereto."). In this case, it cannot be disputed that Harjinder could have prevented the error and materially contributed to it by failing to pay the GAL's fees and requesting genetic testing in violation of an order requiring payment of the fees before any further requests. He is therefore barred from raising the error either on his own or H.G.'s behalf.

Citing In re Support of C.L.F., 298 Wis. 2d 333, 344, 727 N.W.2d 334 (2007), Harjinder argues that the invited error doctrine should not be applied because doing so would unfairly penalize H.G. for Harjinder's conduct. C.L.F. is distinguishable. In that case, the GAL withdrew shortly before the court adjudicated a dispute as to which parent would have primary placement of the child during the school year. Although the parties agreed to proceed without the GAL and thus invited the error, the appellate court

declined to apply the invited error doctrine. Noting that the doctrine "is a rule of judicial administration [that] we may, in our discretion, decide to disregard," the court concluded that invoking the doctrine would deprive the child and the court of the benefit of the GAL's input. C.L.F., 298 Wis. 2d at 344. We perceive several significant differences between C.L.F. and this case.

First, the parties in C.L.F. had nothing to do with the GAL's withdrawal and their decision to proceed without a GAL was based on the imminence of the school year and the need to promptly settle their dispute. Neither party acted in bad faith. By contrast, Harjinder repeatedly refused to pay for the GAL despite his undisputed ability to do so, and the commissioners and trial court all found that his motions were brought in bad faith. Harjinder's final motion for genetic testing violated the requirement in an earlier order that he pay the GAL's fees before renewing his motion for testing.

Second, while there was a bona fide dispute before the court in C.L.F. that plainly called for input from an advocate for the child, that is not the case here. As noted above, the court's unchallenged findings state that there was no evidence at trial undermining Harjinder's presumptive father status.

Finally, application of the statutory factors overwhelmingly demonstrated that genetic testing was not in H.G.'s best interest. In these circumstances, the invited error doctrine is appropriately invoked.

Harjinder also fails to demonstrate a basis for raising violations of H.G.'s rights for the first time on appeal. Harjinder did not argue below that proceeding without a GAL would violate H.G.'s statutory and constitutional rights. In order to raise that issue for the first time in this court, Harjinder must demonstrate that the issue is one of

manifest constitutional error. RAP 2.5(a)(3); State v. McFarland, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). The alleged violation of H.G.'s statutory rights is not constitutional error and therefore cannot be raised for the first time on appeal. In re Marriage of Akon, 160 Wn. App. 48, 60, 248 P.3d 94 (2011). While the alleged violation of H.G.'s due process rights is error of constitutional magnitude, nothing in the record supports a conclusion that the error is manifest—i.e., that it had practical and identifiable consequences in the trial. State v. O'Hara, 167 Wn.2d 91, 99, 217 P.3d 756 (2009). The court found that there was no evidence whatsoever undermining Harjinder's presumptive father status, and the statutory factors strongly favored denying genetic testing. The error is therefore not manifest. Cf. In re Dependency of O.J., 88 Wn. App. 690, 696, 947 P.2d 252 (1997) (no reversible error where extensive testimony during termination hearing from teachers, therapists, relatives, and caseworkers was so strong that a GAL would have reached the same conclusion as the trial court).

Balbirpal requests attorney fees on appeal, arguing that the appeal is frivolous, that Harjinder has been intransigent, and that fees are justified under RCW 26.09.140 (authorizing fees based on need and ability to pay). We agree that the appeal is frivolous and award Balbirpal fees on appeal, subject to her compliance with RAP 18.1.

Affirmed.

WE CONCUR: