**COURT OF APPEALS
DECISION
DATED AND FILED**

**May 27, 2020**

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP107**

**STATE OF WISCONSIN**

Cir. Ct. No.  2018FA119

**IN COURT OF APPEALS
DISTRICT III**

IN RE THE MARRIAGE OF:

CATHERINE WILCOX,

   PETITIONER-APPELLANT,

 V.

JEROME WILCOX,

   RESPONDENT-RESPONDENT.

APPEAL from a judgment and an order of the circuit court for Douglas County:  KELLY J. THIMM, Judge.  *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  Catherine Wilcox appeals from a judgment of divorce, in which the circuit court ordered the partial reimbursement of filing fees, and from an order denying what her notice of appeal designates as a "Motion to Amend the Judgment."[1]  We conclude the circuit court did not err by ordering the filing fee reimbursed because Catherine agreed to pay the fee at the final divorce hearing.  Moreover, treating Catherine's postdivorce motion as one for relief from the judgment, we conclude the court did not erroneously exercise its discretion when it denied that motion.  We affirm.

## BACKGROUND

¶2     Catherine attempted to file a petition for divorce, which was denied because it was unaccompanied by payment of the filing fee and her petition for waiver of fees and costs was denied.  The executive director of Wisconsin Judicare, Inc., which was representing Catherine, sent a letter to the Douglas County Clerk of Courts questioning whether the clerk was improperly rejecting partially completed CV-410 forms.[2]  Catherine filed a second petition for the waiver of fees and costs, which was granted by a court commissioner.  The order granting the petition notified Catherine that she might be required to pay fees later if the circuit court determined she had the ability to pay, in accordance with WIS. STAT. § 814.29(2) (2017-18).[3]

---

[1] Because the parties share a surname, we refer to the parties by their given names.

[2] The CV-410A form is a standard form petition seeking waiver of fees and costs and includes an affidavit of indigency.

[3] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

¶3    Catherine and Jerome were granted a stipulated divorce on October 8, 2018. Jerome had waived his appearance at the final divorce hearing, and Catherine provided testimony supporting the terms of the parties' marital settlement agreement. Catherine testified her monthly income was $863 and Jerome's monthly income was $1135. After ordering the divorce, the circuit court noted that the $184.50 filing fee had been waived and stated it would require the parties to reimburse that fee in equal amounts.

¶4    The circuit court inquired about the possibility of a payment plan to reimburse the filing fee at a rate of $25 per month. Catherine represented that her mortgage was $1000 per month, and she requested clarification about the basis for the fee. The court explained that it was for filing the case and that her share of the fee was $92.25, after which Catherine stated, "I'll pay it all at once." The court then asked Catherine by when she could have it paid, and she responded, "Today." Based upon that representation, the court ordered that Catherine's share be paid on that date, and it ordered Jerome to pay his share at a rate of $50 per month.

¶5    After Catherine paid the fee,[4] she filed a postdivorce motion seeking modification of the divorce judgment to remove that portion requiring her to pay the filing fee. The motion invoked WIS. STAT. § 806.07(1)(a), (1)(g) and (1)(h), asserting that the circuit court was without authority under WIS. STAT. § 814.29 to order repayment of the previously waived filing fee. Specifically, Catherine noted there had been no finding in the final order that suggested Catherine had the ability

---

[4] Wisconsin Judicare represents on appeal that it paid Catherine's share of the filing fee on her behalf immediately following the hearing.

to pay the fee, she was no longer indigent, or she was not represented by a legal services organization. *See* § 814.29(1)(d), (2).

¶6      The circuit court denied the motion following a hearing. It concluded that the matter was moot because the fee had been paid or, in the alternative, that Catherine could be required to pay her portion of the fee because she had represented at the hearing that she could pay it. Catherine now appeals.[5]

## DISCUSSION

¶7      As an initial matter, we reject the circuit court's conclusion that the mootness doctrine applies in this instance because the filing fee had been paid. An issue is moot when its resolution will have no practical effect on the existing controversy. *State ex rel. Olson v. Litscher*, 2000 WI App 61, ¶3, 233 Wis. 2d 685, 608 N.W.2d 425. Clearly, the issue is not rendered merely academic here by the payment of the filing fee, for if the circuit court lacked authority to order that fee in the first instance, Catherine would be entitled to have her payment refunded.

¶8      However, we reject Catherine's attempt to directly challenge the reimbursement provision of the divorce judgment. Assuming her appeal as to that

---

[5] Although Jerome is identified as the respondent to this appeal, the reimbursement requirement Catherine challenges does not affect him and he has not filed a response brief. Accordingly, this appeal was taken under submission only with Catherine's brief-in-chief.

This court has also received a letter from the circuit court alerting us to the likelihood that no party would be arguing in support of its decision. The court advised us that it did not continue waiving the filing fee because Catherine represented at the final divorce hearing that she could pay her share of the filing fee immediately. The court stated, "I believe that one of the best ways to determine someone's ability to pay is to ask them."

judgment is timely,[6] the record confirms that she did represent to the circuit court that she could repay her share of the filing fee as of the date of the final hearing. This representation was unaccompanied by any objection to reimbursement; rather, Catherine only expressed her initial confusion about the reason for the fee. Under these circumstances, even if the court incorrectly determined in this case that reimbursement could be ordered under WIS. STAT. § 814.29, Catherine's failure to object to the imposition of the fee and her representation that she could immediately pay her share of the filing fee preclude review. *See State v. Freymiller*, 2007 WI App 6, ¶¶15-17, 298 Wis. 2d 333, 727 N.W.2d 334 (2006) (noting that appellate courts typically decline to review issues on which the appellant has invited error and/or waived any objection). Furthermore, Catherine advances no argument as to why we should not apply the forfeiture doctrine here.

¶9 That leaves the issue of whether the circuit court erred by denying Catherine's postdivorce motion seeking to modify the divorce judgment. On appeal, she incorrectly frames her motion as one for reconsideration. The motion, however, specifically invoked the grounds for relief identified in WIS. STAT. § 806.07(1)(a), (1)(g), and (1)(h). We review a court's decision under § 806.07(1) for an erroneous exercise of discretion. *McFarland State Bank v. Sherry*, 2012 WI App 4, ¶20, 338 Wis. 2d 462, 809 N.W.2d 58 (2011).

¶10 Catherine does not address any of the prongs for relief advanced under her motion. *See* WIS. STAT. § 806.07(1)(a) (pertaining to mistake, inadvertence, surprise, or excusable neglect); (1)(g) (pertaining to the equity of the

---

[6] We note Catherine's appeal appears to have been filed in excess of ninety days after the judgment was entered, the longest time period provided by statute to initiate an appeal. *See* WIS. STAT. § 808.04(1).

judgment having prospective application); (1)(h) (authorizing reopening the judgment for any other reason justifying relief). Rather, she merely reiterates that the circuit court was without legal authority to require reimbursement of the filing fee in the first instance.

¶11     Again, even if the premise of Catherine's argument is true and the circuit court lacked the statutory authority to require reimbursement, this fact alone is insufficient to demonstrate an erroneous exercise of discretion in denying her postdivorce motion. While we recognize the importance of following the requirements in WIS. STAT. § 814.29(2), we cannot conclude the court erroneously exercised its discretion in this case. The court was guided by Catherine's unqualified representation at the final hearing that she could pay the fee. Absent any appellate argument regarding the cited bases for relief under WIS. STAT. § 806.07, Catherine has not met her burden, and we decline to reverse the order under the circumstances here. We will not reverse a discretionary determination if the record shows that discretion was in fact exercised and we can perceive a reasonable basis for the court's decision. *Miller v. Hanover Ins. Co.*, 2010 WI 75, ¶30, 326 Wis. 2d 640, 785 N.W.2d 493.

        *By the Court.*—Judgment and order affirmed.

        This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.