# COURT OF APPEALS
# DECISION
# DATED AND FILED

## November 24, 2020

**Sheila T. Reiff**
**Clerk of Court of Appeals**

## NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2019AP866**

**STATE OF WISCONSIN**

**Cir. Ct. No. 2014CF3476**

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

CLIFFORD YOUNG,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: DAVID A. FEISS, Judge. *Affirmed*.

Before Blanchard, Dugan and Donald, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM.   Clifford Young appeals from an order of the circuit court denying, without a hearing, his *pro se* motion in which he asserted claims of ineffective assistance of counsel, a **Brady**[1] violation, and newly discovered evidence that entitled him to a new trial.  We conclude that the circuit court properly construed Young's motion as one filed under WIS. STAT. § 974.06 (2017-18).[2]    We further conclude that Young's arguments regarding ineffective assistance of counsel and a **Brady** violation are barred and that Young failed to allege sufficient facts to entitle him to a hearing based on newly discovered evidence.  Therefore, we affirm the order of the circuit court denying Young's motion without a hearing.

## BACKGROUND

¶2    The State charged Young with knowingly violating a domestic abuse injunction, false imprisonment, misdemeanor battery, felony intimidation of a victim, and second-degree recklessly endangering safety, all as acts of domestic abuse, in August of 2014.  At the trial in November 2014, the jury heard evidence that Young and his wife, M.Y., began arguing on August 1, 2014, over money, and that the argument became heated and physical the following day.  According to M.Y.'s testimony, Young "punched [her] dead in the eye" and then proceeded to pin her to the bedroom floor, at which time Young repeatedly hit her with his fists and elbows.  Young kept M.Y. in the bedroom and took away her clothes and cell phone so that she could not leave the house or call for help.  She further

---

[1] **Brady v. Maryland**, 373 U.S. 83 (1963).

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

testified that Young did not allow her to get dressed and leave the bedroom so that she could prepare dinner for their children until the following day, August 3. M.Y. further testified that the abuse continued while she prepared dinner, and lasted until she started fighting back. After M.Y. started fighting back, Young became so enraged that he threw her out of a second-story window. M.Y. testified that as she lay on the lawn outside with a broken leg and the children and a growing crowd of neighbors looking on, Young went to a nearby convenience store to buy cigarettes.

¶3 Young was arrested at the convenience store and denied that he assaulted M.Y. and that he pushed her out the window. Rather, he contended that M.Y. attacked him first and that after he fought back then she jumped out the window of her own volition. He stated that he cut his hand when he grabbed her shirt in an effort to catch her.

¶4 The jury returned guilty verdicts on all of the charges, and Young was subsequently sentenced to a total of twelve years and six months of initial confinement and thirteen years of extended supervision.

¶5 On June 3, 2016, Young, through postconviction counsel, filed a motion, pursuant to WIS. STAT. RULE 809.30 in which he argued that trial counsel was ineffective. The circuit court denied his motion, and Young appealed. We affirmed the circuit court's denial in *State v. Young*, No. 2016AP1924-CR, unpublished slip op. (WI App Jan. 11, 2018).

¶6 On April 17, 2019, Young filed a second postconviction motion, *pro se*, in which he asserted claims of ineffective assistance of counsel, a *Brady*

violation, and newly discovered evidence that entitled him to a new trial. The circuit court[3] denied Young's motion without a hearing, and this appeal followed.

## DISCUSSION

### I. Young's motion was properly construed as one filed pursuant to WIS. STAT. § 974.06

¶7 We initially address Young's argument that the circuit court erred by construing his current motion as a postconviction motion under WIS. STAT. § 974.06 instead of as a petition for writ of habeas corpus under WIS. STAT. § 782.01. "Generally, where a party 'invites error' on a given issue, we will not review the issue on appeal." *Fosshage v. Freymiller*, 2007 WI App 6, ¶15, 298 Wis. 2d 333, 727 N.W.2d 334. This is the case here because Young styled his motion as "a petition for habeas corpus pursuant to [§ ]974.06 and pursuant to [WIS. STAT. ch. ]782." In so doing, Young expressly invited the circuit court to construe his motion as one filed under § 974.06, and we will not find it to be error on the circuit court's part for construing his motion as such. Thus, we review Young's motion as a motion filed pursuant to § 974.06, and we address the arguments Young makes that he received ineffective assistance of counsel, that the prosecutor committed a *Brady* violation, and that Young has newly discovered evidence that requires a new trial.

---

[3] The Honorable Mel Flanagan presided over the trial. The Honorable Cynthia M. Davis issued the decision and order denying Young's first postconviction motion, and the Honorable David A. Feiss issued the decision and order denying Young's second postconviction motion.

### II. Young's claim of ineffective assistance of counsel and a *Brady* violation are barred

¶8 "After the time for appeal or postconviction remedy provided in WIS. STAT. § 974.02 has expired, a prisoner in custody under sentence of a court may bring a motion to vacate, set aside, or correct a sentence, utilizing the procedure set out in WIS. STAT. § 974.06." *State v. Balliette*, 2011 WI 79, ¶34, 336 Wis. 2d 358, 805 N.W.2d 334. "Section 974.06 provides a mechanism for correcting errors when: (1) the sentence violated the United States or Wisconsin Constitution; (2) the court lacked jurisdiction to impose the sentence; or (3) the sentence exceeded the maximum or was otherwise subject to collateral attack." *State v. Romero-Georgana*, 2014 WI 83, ¶32, 360 Wis. 2d 522, 849 N.W.2d 668 (citation omitted). "A claim that trial counsel provided ineffective assistance is a claim that the defendant's sentence was imposed in violation of the constitution." *Balliette*, 336 Wis. 2d 358, ¶34.

¶9 "All grounds for relief" available to a defendant under WIS. STAT. § 974.06(1) must be raised in the "original, supplemental or amended motion." Sec. 974.06(4). If a defendant filed a previous motion under WIS. STAT. § 974.02, a direct appeal, or a previous motion under § 974.06, "the defendant is barred from making a claim that could have been raised previously unless he shows a sufficient reason for not making the claim earlier." *Romero-Georgana*, 360 Wis. 2d 522, ¶35; *see also State v. Escalona-Naranjo*, 185 Wis. 2d 168, 181-83, 517 N.W.2d 157 (1994) ("[I]f the defendant's grounds for relief have been finally adjudicated, waived or not raised in a prior postconviction motion, they may not become the basis for a [§ ]974.06 motion.").

¶10 "Whether a defendant's appeal is procedurally barred is a question of law that we review *de novo*." *State ex rel. Washington v. State*, 2012 WI App

74, ¶27, 343 Wis. 2d 434, 819 N.W.2d 305.  Similarly, "[w]hether a WIS. STAT. § 974.06 motion alleges a sufficient reason for failing to bring available claims earlier is a question of law subject to *de novo* review."  ***Romero-Georgana***, 360 Wis. 2d 522, ¶30 (emphasis added).

¶11     With the assistance of counsel, Young filed a postconviction motion pursuant to WIS. STAT. RULE 809.30, in which he asserted a claim of ineffective assistance of counsel based on trial counsel's failure to (1) object to the preliminary hearing as untimely; (2) interview and call witnesses, including Young's own children; (3) obtain and analyze Young and M.Y.'s cell phone records for the dates of the offense; (4) obtain an expert to testify in support of Young's defense that M.Y. jumped out of the window of her own volition; (5) investigate an alleged prior incident when M.Y. jumped out of a window where Young was not involved; (6) investigate M.Y.'s mental health; and (7) object to Young's appearance in front of the jury.  The circuit court denied Young's motion concluding that Young's allegations of ineffective assistance of counsel were conclusory.  The circuit court also concluded that Young failed to show that he was prejudiced.  Young appealed the circuit court's decision, and this court affirmed the circuit court's order in ***Young***, No. 2016AP1924-CR.

¶12     Presently, Young asserts that trial counsel was ineffective for failing to (1) file a motion alleging a violation of ***State v. Harris***, 2004 WI 64, 272 Wis. 2d 80, 680 N.W.2d 737, for the prosecutor's failure to timely disclose certain evidence prior to the beginning of Young's trial; (2) file a motion alleging a violation of ***Brady*** for the prosecutor's failure to disclose certain photographs that Young claims are exculpatory; (3) obtain M.Y.'s phone records; (4) call the

children to testify; (5) obtain surveillance footage from nearby security cameras; and (6) request M.Y.'s medical and mental health records.[4]

¶13    Young specifically asserted three of these same ineffective assistance of counsel arguments in his WIS. STAT. RULE 809.30 motion and direct appeal.  These arguments were previously addressed and rejected by the circuit court and this court.  "A matter once litigated may not be relitigated in a subsequent postconviction proceeding no matter how artfully the defendant may rephrase the issue," ***State v. Witkowski***, 163 Wis. 2d 985, 990, 473 N.W.2d 512 (Ct. App. 1991), and Young cannot now use these grounds as the basis for his current motion without asserting a sufficient reason why they were "inadequately raised" before.  However, he has provided no reason, and we will therefore not address his arguments further.  *See **Escalona-Naranjo***, 185 Wis. 2d at 184 (placing the burden on the defendant to allege a sufficient reason).

¶14    Similarly, we will not address Young's additional arguments of ineffective assistance of trial counsel and his claim that the prosecutor committed a ***Brady*** violation because they are barred.  Young has failed to provide any reason, much less a sufficient one, for his postconviction counsel's failure to raise these additional arguments of ineffective assistance of trial counsel and a ***Brady*** violation in his WIS. STAT. RULE 809.30 motion.  Young has also failed to argue that his current claims are clearly stronger than the ones pursued by his postconviction counsel.  *See **Romero-Georgana***, 360 Wis. 2d 522, ¶46.

---

[4] To the extent that Young raises additional arguments in his reply brief alleging that trial counsel was ineffective, we decline to address them.  "It is a well-established rule that we do not consider arguments raised for the first time in a reply brief."  *See **Bilda v. County of Milwaukee***, 2006 WI App 57, ¶20 n.7, 292 Wis. 2d 212, 713 N.W.2d 661.

¶15    Instead, Young asserts that his claims of ineffective assistance of counsel and a **Brady** violation are not barred because he raised his claims at all levels of the state courts and our failure to address his arguments now would result in a miscarriage of justice.  Neither of these concepts apply here.  First, Young's argument that he raised his claims at all levels of the State's courts applies to the exhaustion requirements for federal habeas corpus proceedings, under which a defendant must have exhausted his remedies in the state court before seeking relief in the federal courts.  *See **O'Sullivan v. Boerckel***, 526 U.S. 838, 839-40 (1999).  Second, the miscarriage of justice argument that Young invokes is part of the procedural default rule for federal habeas corpus proceedings and is more accurately described as a rule allowing the federal courts to address a claim that a defendant failed to raise earlier, if the defendant can show prejudice and that a miscarriage of justice would result if his claim is not addressed.  *See **Coleman v. Hardy***, 628 F.3d 314, 318-19 (7th Cir. 2010).  This is not a federal habeas corpus proceeding.  Thus, we reject Young's arguments that his claims of ineffective assistance of counsel and a **Brady** violation are not barred, and we now turn to Young's argument for a new trial based on newly discovered evidence.

### III.    Young is not entitled to a hearing on his claim of newly discovered evidence

¶16    To be entitled to a new trial based on newly discovered evidence "a defendant must prove:  '(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking the evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative.'"  ***State v. Plude***, 2008 WI 58, ¶32, 310 Wis. 2d 28, 750 N.W.2d 42 (citation omitted).  "If the defendant is able to prove all four of these criteria, then it must be determined whether a reasonable probability exists that had the jury heard the

8

newly[]discovered evidence, it would have had a reasonable doubt as to the defendant's guilt." *Id.*

¶17 "A reasonable probability of a different result exists if there is a reasonable probability that a jury, looking at both the old and the new evidence, would have a reasonable doubt as to the defendant's guilt." *State v. Avery*, 2013 WI 13, ¶25, 345 Wis. 2d 407, 826 N.W.2d 60. "A court reviewing the newly discovered evidence should consider whether a jury would find that the evidence 'had a sufficient impact on other evidence presented at trial that a jury would have a reasonable doubt as to the defendant's guilt.'" *Id.* (citation omitted). "This latter determination is a question of law." *See Plude*, 310 Wis. 2d 28, ¶33.

¶18 "Finally, when the newly discovered evidence is a witness's recantation, we have stated that the recantation must be corroborated by other newly discovered evidence." *State v. McCallum*, 208 Wis. 2d 463, 473-74, 561 N.W.2d 707 (1997). Corroboration requires that "(1) there is a feasible motive for the initial false statement; and, (2) there are circumstantial guarantees of the trustworthiness of the recantation." *Id.* at 477-78.

¶19 A defendant is not automatically entitled to an evidentiary hearing following a postconviction motion. "A hearing on a postconviction motion is required only when the movant states sufficient material facts that, if true, would entitle the defendant to relief." *See State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief," a circuit court may deny a postconviction motion without a hearing. *See id.*, ¶9. Whether a motion alleges sufficient facts that, if true, would entitle the defendant to an

evidentiary hearing presents a question of law that we review *de novo*. *See State v. Bentley*, 201 Wis. 2d 303, 310, 548 N.W.2d 50 (1996).

¶20 Young asserts that he has newly discovered evidence that requires a new trial. The first piece of newly discovered evidence, as characterized by Young, consists of a conversation between M.Y. and her new boyfriend on Facebook showing that M.Y. admitted to her boyfriend that she jumped out the window of her own volition. The second piece of newly discovered evidence is a letter allegedly written by M.Y. in which she purportedly admits that she lied during the trial when she said that Young pushed her out the window. The circuit court concluded that there was no reasonable probability of a different outcome had the jury been able to consider the Facebook conversation and that the letter allegedly from M.Y. was not sufficiently corroborated. We agree.

¶21 Contrary to Young's characterization, neither of these pieces of evidence stands for the proposition for which Young uses it and neither raises sufficient facts to entitle him to relief. Indeed, as the circuit court succinctly put it, "[t]he defendant's proffered new evidence has no real evidentiary value."

¶22 The Facebook conversation Young points to is a post by M.Y. on her Facebook page and a response posted by one of her Facebook friends. There is no indication who made this post. Moreover, the post states: "Should've died when jumping out that window." This cannot be construed in the manner Young asserts, namely as a post in which M.Y. can be said to have admitted to her boyfriend that she jumped out of the window of her own volition. Accordingly, there is no reasonable probability of a different result had the jury been able to consider this Facebook conversation in addition to the other evidence introduced at trial, and we

conclude that Young has not met his burden to demonstrate that he is entitled to a hearing for this piece of newly discovered evidence.

¶23 Young is similarly not entitled to a hearing for his second piece of newly discovered evidence because the letter Young alleges is M.Y.'s recantation is not corroborated. The letter lacks any guarantees of trustworthiness because it is not signed by M.Y. or in any other readily apparent way even attributable to M.Y. Moreover, as the circuit court so aptly put it, "[a]t most, the writer states, 'lies have been told.'" That is, her alleged statement is vague and ambiguous and says nothing about whether M.Y. lied. For these reasons it would be difficult to even construe this letter as a recantation. *See **McCallum***, 208 Wis. 2d at 469 (describing the victim's recantation as a letter in which she specifically stated she lied when she accused the defendant of sexual assault). We, therefore, conclude that this letter is not newly discovered evidence that requires a hearing.

## CONCLUSION

¶24 We conclude that the circuit court properly construed Young's motion as a motion filed pursuant to WIS. STAT. § 974.06 and properly denied his motion without a hearing. Young's claims of ineffective assistance of counsel and a ***Brady*** violation are barred, and Young has failed to allege sufficient facts in his motion to warrant a hearing on his claim of newly discovered evidence. We, therefore, affirm the circuit court's decision.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

11